IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA HEACOCK, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 1:11-cv-745 |
| vs. | § | |
| | § | Jury Trial Demanded |
| EQUABLE ASCENT | § | |
| FINANCIAL, LLC, REGENT & | § | |
| ASSOCIATES, LLP AKA | § | |
| REGENT & ASSOCIATES, PC AND | § | |
| ANH H. REGENT | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3.  Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6.  Plaintiff, Donna Heacock ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Williamson, and City of Round Rock.

7.  Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8.  Defendant, Equable Ascent Financial, LLC ("EAF") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. EAF is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10. Defendant, Regent & Associates, LLP ("R&A") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

11. R&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

12. Defendant, Anh H. Regent ("Regent") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

13. Upon information and belief:

   a. Regent was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

   b. Regent was personally involved in the collection of Plaintiff's debt.

   c. Regent was materially involved in the collection of Plaintiff's debt.

   d. Regent materially participated in R&A's debt collection activities.

   e. Regent was involved in the day-to-day operations of R&A's debt collection business.

   f. Regent exercised control over the affairs of R&A's debt collection business.

14. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

15. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than EAF.

17. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than EAF, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

18. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than EAF.

19. EAF uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20. R&A purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

21. R&A acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

22. R&A is thoroughly enmeshed in the debt collection business, and R&A is a significant participant in EAF's debt collection process.

23. In connection with the collection of an alleged debt, Defendant R&A, itself and on behalf of Defendant EAF, sent Plaintiff initial written communication dated December 17, 2010 in which Defendant stated, in relevant part, as follows:

"Although we are a law firm, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account"

24.     However, said letter's valediction represented that the letter was prepared and sent by attorney Ann H. Regent, and as such, Defendant either (a) misrepresented the meaningful level of attorney involvement in the collections process by including the statement, "no attorney with this firm has personally reviewed . . . your account" while at the same time, having been prepared and sent by an attorney, or (b) misrepresented that the communication itself was from an attorney, having been placed upon firm letterhead and prepared and sent by a non-attorney employee and/or agent of Defendant, with no clear indication that the signing party was not an attorney, while leading a Least Sophisticated Consumer to believe that the correspondence was from an attorney. (15 U.S.C. §§ 1692e(3), 1692e(10), Tex. Fin. Code § 392.304(a)(19)). *See* correspondence attached hereto as Exhibit A.

25.     In connection with the collection of an alleged debt, Defendant R&A sent Plaintiff initial written communication dated December 17, 2010 in which Defendant stated, in relevant part, as follows:

> This office has been retained by the above-referenced client in their claim against you. Further this office has been instructed to initiate any and all necessary action in the enforcement of this claim, but before doing so, we are giving you the opportunity to clear this indebtedness. The consequences of your delinquency are viewed as serious. Therefore, demand is made upon you to pay the amount indicated above. All payments and correspondence should be directed to our offices.

26. In stating within the initial thirty (30) day dispute period that it "has been retained," "has been instructed to initiate any and all necessary action," that "consequences of [Plaintiff's] delinquency are viewed as serious", and further that "demand is made upon {Plaintiff] to pay the amount indicated above," Defendant overshadowed and obscured the notices required pursuant to 15 U.S.C. § 1692g(a) et seq. (15 U.S.C. § 1692e(10), 1692g(b)), Tex. Fin. Code § 392.304(a)(19)). *See* correspondence attached hereto as Exhibit A.

27. In connection with the collection of an alleged debt, Defendant R&A sent Plaintiff initial written communication dated December 17, 2010 in which Defendant stated, in relevant part, as follows:

> Se' habla espanol

28. This sentence could deceive or mislead a least sophisticated Spanish-language consumer into calling the telephone number provided in the letter, thereby potentially waving his rights, and thus overshadowed the disclosures required by 15 USC § 1692g(a). (15 U.S.C. §§ 1692e(10),1692g(b), Tex. Fin. Code § 392.304(a)(19)); see Ehrich v. I.C. System, Inc., 681 F. Supp. 2d., 265 (E.D.N.Y. 2010)). *See* correspondence attached hereto as Exhibit A.

29. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT EAF

30.  Plaintiff repeats and re-alleges each and every allegation above.

31.  Defendant EAF violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that EAF violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT R&A

32.  Plaintiff repeats and re-alleges each and every allegation above.

33.  Defendant R&A violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that R&A violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—VIOLATIONS OF THE FDCPA
## DEFENDANT REGENT

34. Plaintiff repeats and re-alleges each and every allegation above.

35. Defendant R&A violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that R&A violated the FDCPA;

    h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—VIOLATIONS OF THE TDCPA
## DEFENDANT EAF

36. Plaintiff repeats and re-alleges each and every allegation above.

37. Defendant EAF violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer. (Tex. Fin. Code § 392.304(a)(19));

   b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant EAF violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

   c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V—VIOLATIONS OF THE TDCPA
### DEFENDANT R&A

38. Plaintiff repeats and re-alleges each and every allegation above.

39. Defendant R&A violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer. (Tex. Fin. Code § 392.304(a)(19));

    b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant R&A violated the TDCPA;

    b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI—VIOLATIONS OF THE DTPA
### DEFENDANT EAF

40. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

41. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

42. Defendant violated Tex. Bus. Com. Code  § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

    b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

    c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII—VIOLATIONS OF THE DTPA
## DEFENDANT R&A

43.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

44.    A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

45.    Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

    h) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

    i) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

    j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on August 25, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz
